# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Philip Atem,  )  No. CV 09-2261-PHX-MHM (LOA)
        Plaintiff,  )  **ORDER**
vs.  )
Brandt, et al.,  )
        Defendants.  )

Plaintiff Philip Atem, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will order Defendants to answer Count I of the Complaint and will dismiss Count II for failure to state a claim upon which relief may be granted.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $42.50. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will

enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

Named as Defendants in the Complaint are: (1) Brandt, Sergeant, Maricopa County Sheriff's Office; and (2) Berndtsen, Detention Officer, Maricopa County Sheriff's Office.

Plaintiff alleges two counts in the Complaint. In both counts, Plaintiff claims that his Fourth and Fourteenth Amendment rights have been violated. Plaintiff seeks a jury trial, declaratory relief, attorney fees, court costs, and compensatory, punitive, and treble monetary damages.

**IV. Discussion**

**A.  Count I**

In Count I, Plaintiff claim that his Fourth and Fourteenth Amendment rights were violated at the Maricopa County Towers Jail when Defendants Sergeant Brandt and Officer Berndtsen came into his cell, while he was wrapped-up in his blanket with his hands and arms at his side, and "grabbed" him and "dropped" him on the concrete floor. Plaintiff alleges that one of the officers then sat on Plaintiff's shoulders, using both of his knees to pin both of Plaintiff's shoulders, while the other officer sat on Plaintiff's waist and legs. Plaintiff also alleges that when he tried to scream "you['re] choking me," he was "struck" in the mouth by an officer, causing a bruised and "bloody" lip. Plaintiff asserts that, as a result of excessive force used by the Defendants, he suffered bruising, bleeding, and neck injuries.

Liberally construed, Plaintiff has stated an excessive force claim on Count I. Accordingly, the Court will required Defendants Brandt and Berndtsen to answer Count I.

**B.  Count II**

In Count II, Plaintiff claims that his Fourth and Fourteenth Amendment rights were violated by Defendant Brandt when he "acted aggressively towards [Plaintiff] IE: 'rough handling[,'] snide remarks" after the incident in Count I.

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979). Nevertheless, the Eighth Amendment provides a minimum standard of care for determining a plaintiff's rights as a pretrial detainee. Anderson v. Kern, 45 F.3d 1310, 1312-313 (9th Cir. 1995) (citing Redman v. County of San Diego, 942 F.2d 1435, 1442 (9th Cir. 1991)).

1 | The specific inquiry with respect to pretrial detainees is whether the prison conditions amount to "punishment" without due process in violation of the Fourteenth Amendment. Bell, 441 U.S. at 535. To comply with the Eighth Amendment's prohibition against cruel and unusual punishment, a prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). However, this does not mean that federal courts can, or should, interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. See Bell, 441 U.S. at 539 n.21 (noting that a *de minimis* level of imposition does not rise to a constitutional violation).

The actions that Plaintiff complains about in Count II do not rise to the level of constitutional violations. Plaintiff alleges that his injuries consisted of being "pushed around, left in court holding cell where inmates wait for train, court []chain[]s excessively tight, remarks from detention officers." These injuries are *de minimis*. Accordingly, Count II will be dismissed for failure to state a claim upon which relief may be granted.

**V.     Warnings**

   **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate

stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $42.50.

(3)     Count II of the Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

(4)     Defendants Brandt and Berndtsen **must answer** Count I of the Complaint.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Brandt and Berndtsen.

(6)     Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

1 (9) The United States Marshal **must notify** Defendants Brandt and Berndtsen of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. **If** a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal **must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants **must answer** Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response **must state** the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1       (13)   This matter is **referred** to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 21st day of February, 2010.

_____
Mary H. Murguia
United States District Judge