**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Garang Atem, | No. CV 09-2261-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Unknown Brandt, et al., | |
| Defendants. | |

This matter arises on the Court's review of the docket. On October 28, 2009, Plaintiff, proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (docket # 1) On February 25, 2010, the Court granted Plaintiff *in forma pauperis* status and ordered service on Defendants Brandt and Berndtsen. (docket # 4) The Court ordered Plaintiff to return completed service packets to the Court within 20 days of the filing of that Order. (docket # 4) The Court also directed that "Plaintiff must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure . . . Failure to comply may result in dismissal of this action." (docket # 4 at 4)

The deadline for returning completed service packets passed without Plaintiff either returning completed service packets or otherwise communicating with the Court. Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed.R.Civ.P. 41(b). In view of Plaintiff's failure to comply with the February 25, 2010 Order,

1  the Court ordered Plaintiff to show cause on or before April 8, 2010 why this matter should not
2  be dismissed without prejudice for failure to comply with court orders.  (docket # 6)

3       On March 30, 2010, the Court received returned mail addressed to Plaintiff marked
4  "undeliverable. No longer in custody."  (docket # 7)   The returned mail was the Order to show
5  cause.  (*see* dockets # 6, # 7)    Thus, the Court does not anticipate a response to that Order.
6  Plaintiff's failure to return completed service packets and failure to notify the Court of his
7  current address has brought this matter to standstill.   In view of Plaintiff's failure to comply
8  with Court orders, the Court will consider whether to dismiss this matter.

9       Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v.*
10 *Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).   In this regard, a plaintiff who
11 has filed a *pro se* action must comply with the Court's orders in a timely manner.  Plaintiff has
12 failed to comply with Court orders in this matter.

13      Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails
14 to prosecute or to comply with these rules or a court order, a defendant may move to dismiss
15 the action. . . . "  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme
16 Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte*
17 for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil
18 Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances,
19 the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.*
20 at 633.

21      In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the
22 Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution
23 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
24 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
25 availability of less drastic sanctions.'"  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988)
26 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these
27 factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a
28 default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser

sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Ferdik v. Bonzelet*, 963 F.2d 1259, 1261 (9th Cir. 1992) (stating that the first two dismissal factors favor dismissal and noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants. . . .").

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to comply with Court orders prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed and warned him that this matter could be dismissed if Plaintiff failed to comply with Court orders. The Ninth Circuit recognizes that "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987)). Moreover, because Plaintiff has failed to notify the Court of his current address, further orders to show cause would be fruitless.

Rule 41(b) provides that a dismissal for failure to prosecute or failure to comply with court orders operates as an adjudication upon the merits, "[u]nless the dismissal order states otherwise." The Court finds that dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of Court shall enter judgment accordingly.

DATED this 14th day of April, 2010.

_____
Mary H. Murguia
United States District Judge